**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN MARTIN NOBLE,

    Defendant-Appellant.

No. 97-6354
(D.C. Nos. 95-CR-167-R
& 97-CIV-1208-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

On January 24, 1996, pursuant to a plea agreement, the defendant in this

case pleaded guilty to one count of being a felon in possession of a firearm and

one count of possession of a controlled substance (methamphetamine) with intent

to distribute.  (See R., Doc. #15.)  On March 25, 1996, the district court imposed

a sentence of 135 months in prison.  (See R., Doc. #21.)  The defendant failed to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument.  This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

file a notice of appeal within the ten days allotted by Fed. R. App. P. 4(b), and as a consequence, the judgment of his conviction became final on April 4, 1996. On July 23, 1997, the defendant filed a motion under 28 U.S.C. § 2255 claiming that his Sixth Amendment right to effective assistance of counsel was violated by his lawyer's failure to raise an ex post facto challenge to his sentence. (See R., Doc. #28.) The district court denied this motion as untimely, denied the defendant's subsequent request for a certificate of appealability, and denied his request to proceed on appeal in forma pauperis. (See R., Doc. #34, 38, & 40.)

In United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997), this court held that a defendant whose conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act, i.e., before April 24, 1996, had until April 23, 1997, to file a motion under 28 U.S.C. § 2255. The defendant's conviction became final on April 3, 1996, and as a result, he had until April 23, 1997, to file his § 2255 motion. See Simmonds, 111 F.3d at 746. The defendant failed to meet this deadline, and as a result, we can see no justification for granting the requested certificate of appealability under 28 U.S.C. § 2253.

Additionally, in light of the fact that the appellant has paid his appellate filing fee, his motion to proceed in forma pauperis is moot.

For the foregoing reasons, we DENY the appellant's motion to proceed in forma pauperis; we DENY the appellant's petition for a certificate of appealability, and we DISMISS this appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge