*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0042P (6th Cir.)
File Name: 04a0042p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

---

MANUEL SANCHEZ-
CASTELLANO,
*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

No. 02-5081

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 99-02510; 91-20047—Julia S. Gibbons,
District Judge.

Argued: December 9, 2003

Decided and Filed: February 9, 2004

Before: ROGERS and COOK, Circuit Judges; COHN,
District Judge.*

---

* The Honorable Avern Cohn, United States District Judge for the
Eastern District of Michigan, sitting by designation.

---

## COUNSEL

**ARGUED:** Robert C. Brooks, Memphis, Tennessee, for
Appellant. Timothy R. DiScenza, ASSISTANT UNITED
STATES ATTORNEY, Memphis, Tennessee, for Appellee.
**ON BRIEF:** Robert C. Brooks, Memphis, Tennessee, for
Appellant. Timothy R. DiScenza, ASSISTANT UNITED
STATES ATTORNEY, Memphis, Tennessee, for Appellee.

ROGERS, J., delivered the opinion of the court, in which
COOK, J., joined. COHN, D. J. (pp. 9-10), delivered a
separate dissenting opinion.

---

## OPINION

---

ROGERS, Circuit Judge. Appellant Manuel Sanchez-
Castellano appeals the denial for untimeliness of his motion
to vacate his sentence under 28 U.S.C. § 2255. The issue
presented in his appeal is whether, for a federal defendant
who did not seek a direct appeal, the one-year statute of
limitations for § 2255 cases starts ten days or forty days after
entry of the judgment of conviction. The time for filing a
direct appeal is ten days after entry of judgment, but pursuant
to Federal Rule of Appellate Procedure 4(b)(4) a federal
defendant can seek an extension of time—for excusable
neglect or good cause—up to the fortieth day after entry of
judgment. Sanchez-Castellano maintains that the judgment
did not become final until the last possible opportunity to
seek review of his sentence had passed. He urges us to find
that Rule 4(b)(4) provided an existing avenue for relief after
the ten-day filing deadline had passed, and that therefore the
judgment in his case did not become final until forty days
after it was entered. Because we reject this statutory
interpretation as an unwarranted across-the-board extension

of the statute of limitations for § 2255 motions, we affirm the judgment of the district court.

In February 1991, Sanchez-Castellano was indicted on one count of conspiracy to possess 1600 kilograms of cocaine with intent to distribute and one count of possession of 351 kilograms of cocaine with intent to distribute. Sanchez-Castellano succeeded in evading arrest until January 1995. He subsequently escaped from custody and eluded law enforcement officers for another two years. After he was returned to custody, Sanchez-Castellano and the Government reached a plea agreement, pursuant to which he pled guilty to the conspiracy count and to one count of escape. The district court imposed a sentence of 292 months imprisonment and five years supervised release and entered the judgment on May 13, 1998.[1] Under Fed. R. App. P. 4(b)(1)(A), Sanchez-Castellano had until May 26, 1998, to file a notice of appeal with the district court.[2] Sanchez-Castellano did not appeal, nor did he move for an extension of time to appeal pursuant to Fed. R. App. P. 4(b)(4).

Sanchez-Castellano is deemed to have filed his § 2255 motion on June 6, 1999, when he presented it to prison authorities. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). His motion raised three grounds for vacating his sentence. First, he alleged that his attorney promised to file a direct appeal but failed to do so. Second, he claimed that his attorney threatened to withdraw if Sanchez-Castellano did not plead guilty and that the attorney assured him that he would only be sentenced to ten to twelve years if he took the plea agreement. Third, Sanchez-Castellano maintained that his

---

[1] This matter was before Judge Jerome Turner during the guilty plea and sentencing, but was transferred to Judge Julia Smith Gibbons prior to adjudication of the §2255 motion.

[2] The ten-day period following May 13, 1998, ended on May 23, a Saturday. The following Monday, May 25, 1998, was a federal holiday. See Fed. R. App. Proc. 26(a).

attorney was unsure as to whether Sanchez-Castellano "was being sentenced correctly under the guidelines." Sanchez-Castellano's newly appointed counsel supplemented the § 2255 motion, adding a claim that Sanchez-Castellano's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The district court, however, concluded that Sanchez-Castellano failed to file his § 2255 motion on time. As Sanchez-Castellano's sentence did not seek direct appeal of his sentence, the judgment of conviction became final, according to the district court, on May 26, 1998. The district court also noted, however, that Sanchez-Castellano's motion "landed in between two possible finality dates created by Fed. R. App. P. 4(b)"—the ten day period created by Rule 4(b)(1) and the forty day period created by the addition of an extension for excusable neglect under Rule 4(b)(4). The district court resolved this question in favor of the ten days: "Under a straightforward application of § 2255, defendant's original motion is untimely and barred by the statute of limitations for filing a motion under § 2255." The district court also found that there was no basis for an equitable tolling of the statute of limitations.

The district court further indicated how it would have decided the merits of Sanchez-Castellano's claims, had the § 2255 motion been filed on time. On the basis of conflicting testimony,[3] the district court found on the preponderance of the evidence that Sanchez-Castellano did not direct his lawyer to file an appeal. Also upon consideration of the credibility of witnesses before it, the district court "found the record devoid of any proof that [Sanchez-Castellano] was coerced

---

[3] The district court held an evidentiary hearing on the § 2255 motion to determine whether the statute of limitations period should be tolled by trial counsel's alleged disregard of instructions to appeal. On the possibility that the district court would ultimately determine that the § 2255 motion was timely (it did not), the court also permitted testimony on the other issues.

into pleading guilty." The district court further concluded that Sanchez-Castellano's *Apprendi* claim was without merit because the sentencing judge had not "determined an amount of drugs or any other sentencing factor that produced a sentence beyond the base maximum penalty contemplated by the offense of conviction"; the sentencing judge moreover had "not relied on any fact outside the plea agreement to determine drug quantity at sentencing."

The district court denied a certificate of appealability. This court granted a certificate of appealability on the issue of whether Sanchez-Castellano's § 2255 motion was timely filed within the applicable one-year limitations period.

Although reasonable judges might differ, the language of § 2255 appears clearly to require that, for statute of limitations purposes, an unappealed district court judgment of conviction becomes "final" ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect.[4]

The language of § 2255 provides that, except in circumstances not present or asserted here, the one-year statute of limitations for § 2255 motions begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. As a general matter, convictions become

---

[4]On this purely legal issue we have found no case law to guide us. In an unreported decision, the Fourth Circuit held that a § 2255 motion was untimely even giving defendant the benefit of the ten-day appeal period plus the thirty-day excusable neglect period in Fed. R. App. P. 4(b). *United States v. Walker*, No. 99-6847, 1999 U.S.App. LEXIS 22478, at *2 (4th Cir. Aug. 31, 1999). The opinion thus merely acknowledged the possibility of the forty-day argument. The parties cite no other cases on point. The district court cited two cases applying a ten-day rule where § 2255 would have been late under a forty-day rule as well. *United States v. Noble*, No. 97-6354, 1998 U.S. App. LEXIS 18370 (10th Cir. Aug. 10, 1998); *United States v. Concepcion*, No. 98-2372, 1999 U.S. Dist. LEXIS 5125, at *6 (E.D. Pa. Apr. 19, 1999).

final upon conclusion of direct review. *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). By parity of reasoning, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1). However, in those cases where "excusable neglect or good cause" is shown, the district court may extend the appeal time an additional thirty days. Fed. R. App. P. 4(b)(4).

There are three ways in which the possibility of a Rule 4(b)(4) extension could affect a determination of finality under § 2255. First, the ten-day rule could be uniformly applied, regardless of whether or not a Rule 4(b)(4) motion has been made or granted. Second, the ten-day rule could be applied except in those cases in which an extension is sought and granted within the forty days, in which case an unappealed judgment of conviction would be final at the expiration of the extended time. Third, a forty-day rule could be uniformly applied, regardless of whether or not a Rule 4(b)(4) motion has been made or granted. It is not necessary to decide between the first and second interpretations in the instant case. This is because Sanchez-Castellano did not seek or obtain an extension. In order to rule for Sanchez-Castellano, we must accept the third interpretation, and that is what Sanchez-Castellano urges upon us on this appeal. The argument however turns the exception into the rule, and is ultimately unpersuasive.

To adopt the third interpretation would delay the start of the limitations period until thirty days later than finality actually

occurs in most cases. This is not consistent with the congressional intent to set a one-year, as opposed to a thirteen-month, statute of limitations. Moreover, there are no equitable considerations militating in favor of the forty-day interpretation. Under all three possible interpretations the determination of when the judgment was final is made, for statute of limitations purposes, retrospectively and long after the date actually occurred. We must merely determine which date corresponds best with the statutory language. At least in the absence of an actual district court determination of good cause or excusable neglect, that date is ten days after the entry of judgment.[5]

Sanchez-Castellano contends that, because he had the opportunity to seek Rule 4(b)(4) relief, the judgment against him should have been considered pending during the time that he could have, but did not, seek relief. He compares this to the practice of considering a judgment affirmed on appeal as pending until the time to seek a writ of certiorari in the Supreme Court has expired. Sanchez-Castellano points out that a conviction is not final for § 2255 purposes until the time for seeking certiorari has expired, when the defendant does not actually seek certiorari.

The time period for seeking certiorari, however, is more accurately compared with the standard ten day filing period for a direct appeal, and not the extension for excusable neglect. The ten-day period for filing an appeal and the ninety-day period for filing a certiorari petition are both periods during which the defendant is permitted to file as of right. The thirty-day extension period, in contrast, is only granted upon request to the district court, and then only on a showing that most litigants presumably cannot make—that

there has been good cause or excusable neglect. While it makes sense to toll the limitations period so that a defendant may file a petition that he is legally entitled to file, it does not make sense to toll it so that he may seek permission from the district court to file a late notice for exceptional reasons.

Moreover, under Sanchez-Castellano's construction, all defendants would be entitled to this extended period of time, regardless of whether the district court found excusable neglect. Suppose he filed a motion to extend the filing deadline under Rule 4(b)(4) on May 30, 1998, seventeen days after the entry of the judgment. Then, three days later, the district court denied the motion, finding no evidence of good cause or excusable neglect. If Sanchez-Castellano is correct, for purposes of the § 2255 limitations period, the judgment in his case would become final twenty days after his last avenue of direct review had closed.[6] It is unlikely that Congress intended such an outcome.

For the foregoing reasons, an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect. The judgment of the district court is AFFIRMED.

---

[5]We do not decide the question of whether the judgment against a defendant who applies for, and receives, a Rule 4(b)(4) extension of the filing deadline, but fails ultimately to seek a direct appeal, becomes final forty days after entry.

[6]The dissent maintains that this will not be the case because finality will come for defendants seeking relief at the time the district court rules on the motion. Such a rule, however, would benefit those defendants who fail to seek an extension under Rule 4(b)(4) by giving them the full forty days while shortchanging those defendants who act diligently.

---

**DISSENT**

---

COHN, District Judge, dissenting. Because I believe that the statute of limitations should start to run forty days after the entry of the judgment of conviction, I respectfully dissent. I am convinced that the better view is to include the thirty-day excusable neglect period in determining when Sanchez-Castellano's conviction became final since he did not file a notice of appeal. Whether or not a motion for extension of time would have been be granted is irrelevant in this case. What is relevant is that an extension of time is *available*. Only when the time for seeking an appeal has been exhausted can the conviction be said to be "final" and the statute of limitations begin to run. The fact that Sanchez-Castellano did not file a motion for an extension of time is also irrelevant. What is also relevant is the fact that an avenue for appeal was still available to him for forty days after the judgment was entered. 28 U.S.C. § 2255 simply states that the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." The statute offers no guidance as to the meaning of "final." Since the statute is silent, the choice of a time period is left to the Court. I see no good reason not to accept Sanchez-Castellano's view that the forty-day time period is the appropriate one. No purpose is to be served by limiting the time period to ten days, except to limit the number of habeas petitions which are considered on the merits. Under the circumstances here and in like cases, I believe that "final" should be interpreted to mean when the opportunity for further review has completely expired. This does not occur until forty days after the judgment of conviction is entered.

Nor do I believe that adopting this approach will, as the majority suggests, entitle all defendants "to this extended period of time, regardless of whether the district court found excusable neglect." The majority says that if Sanchez-

Castellano had filed a motion to extend time to file an appeal under Rule 4(b)(4) seventeen days after the entry of judgment of conviction and the district court denied it three days later, then "the judgment would become final twenty days after his last avenue of direct review had closed." This is not entirely correct. The judgment would not be final twenty days after the last avenue of direct review had closed; rather, it would be final *when* the last avenue for direct review had closed, *i.e.* when the district court denied the motion. At that point, there is no longer an available avenue for seeking an appeal. In any event, this issue is not before us. In this case, Sanchez-Castellano's avenue for appeal was foreclosed, and consequently the judgment of conviction became "final," when the forty days expired.