**UNITED STATES of America,
Plaintiff,**

**v.**

**Eucelf Latiff TASTE, Defendant.**

**Case No. 3:09–cr–106.**

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

Nov. 23, 2011.

Brent Tabacchi, United States Attorney's Office, Dayton, OH, for Plaintiff.

Richard Steven Skelton, Skelton McQuiston Gounaris & Henry, Dayton, OH, for Defendant.

## ORDER REGARDING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME (DOC. 65)

MICHAEL J. NEWMAN, United States Magistrate Judge.

This case is before the Court on Defendant's *pro se* motion filed on November 21, 2011 (doc. 65). The Court has liberally construed the document in Defendant's favor. The motion appears to be Defendant's motion for a 90–day extension of time to file his Motion to Vacate under 28 U.S.C. § 2255. Even when liberally construed, the document is not a § 2255 Motion to Vacate. *Cf. Pough v. United States,* 442 F.3d 959, 965–66 (6th Cir.2006).

**1040**

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period generally runs from the date on which the judgment of conviction becomes final. *Id.* Where a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir.2004).

Under Fed. R.App. P. 4(b)(1), Defendant had fourteen days from the entry of the judgment issued on November 12, 2010 in which to file his notice of appeal. Because Defendant did not file a notice of appeal, his conviction became final on November 26, 2010. Accordingly, the one-year limitations period for Defendant's § 2255 Motion will expire on November 26, 2011, and he must file his § 2255 Petition on or before that date.

The Court is without jurisdiction to extend the one-year statute of limitations. *Accord Small v. Warden,* 2011 U.S. Dist. LEXIS 129226, at *1–2 (S.D.Ohio Oct. 23, 2009) (Abel, M.J.); *see also United States v. Forbes,* 2010 U.S. Dist. LEXIS 12755, at *1–2 (D.R.I. Feb. 4, 2010). Accordingly, Defendant's motion for an extension of time is **DENIED.**

Defendant is **ADVISED** that, if he files his § 2255 petition after November 26, 2011 (i.e., after the one-year limitations period has expired), he may argue why equitable tolling should apply in this case, as the doctrine of equitable tolling applies to the one-year statute of limitations in 28 U.S.C. § 2255(f). *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001) (overruled on other grounds).

The Clerk is **ORDERED** to promptly send Defendant the standard form to file a Motion to Vacate under 28 U.S.C. § 2255 (Form AO 243), and to promptly mail this Order to Defendant at his prison address.

**IT IS SO ORDERED.**