NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1163n.06

No. 12-1298

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 09, 2012*

DEBORAH S. HUNT, Clerk

RYAN KENDRICK,

    Petitioner-Appellant,

v.

LLOYD RAPELJE,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: NORRIS, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. Ryan Kendrick, a Michigan state prisoner, appeals through counsel a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Kendrick was convicted by a jury in 2000 of first degree murder, assault with intent to do great bodily harm, and conspiracy to assault with intent to do great bodily harm. He was sentenced to life imprisonment. On direct appeal in the state courts, Kendrick argued that the trial court erred in failing to sever the murder charge from the other charges, that the state denied him due process by failing to preserve the crime scene, and that his statement to the police should have been suppressed. His convictions were affirmed. Kendrick filed a post-conviction action in the trial court, raising claims of ineffective assistance of trial and appellate counsel. The trial court denied relief. Kendrick's appeal to the Michigan Court of Appeals was dismissed for failing to file the record.

On November 4, 2010, Kendrick filed this petition for a writ of habeas corpus, reasserting some of the claims that he had raised in the state courts. The respondent moved for summary judgment, arguing that the petition was barred by the one-year statute of limitations. Kendrick argued in reply that he was entitled to equitable tolling. The district court concluded that Kendrick had not established entitlement to equitable tolling for the amount of time that would be necessary to render his petition timely and dismissed the petition. On appeal, Kendrick reasserts his equitable tolling argument.

Where the facts are not in dispute, we review de novo a district court decision declining to apply equitable tolling. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). The parties agree that the statutory limitations period began to run on October 27, 2003, when Kendrick's conviction became final. The statutory period ran until August 12, 2004, when his state post-conviction action was filed. The period was tolled until June 27, 2005, when his appeal from the post-conviction decision was dismissed. This petition was filed more than five years and four months later. Kendrick argues that this period should be equitably tolled because his retained counsel failed to keep him informed of the status of his case, and when he did correspond, lied to him about the status of his post-conviction proceeding and the availability of federal habeas corpus relief.

Kendrick, through his grandmother, filed a grievance against his attorney in September 2008. In April 2009 he retrieved his file from counsel. In November 2009, the grievance commission admonished Kendrick's attorney regarding his performance. Throughout this time, Kendrick and his grandmother were informed by more than one other attorney that the time for filing a federal habeas corpus petition had expired. Kendrick argues that he first realized that equitable tolling might

allow him to file a federal habeas corpus petition when the Supreme Court issued its opinion in

*Holland v. Florida*, 130 S. Ct. 2549 (2010) on June 14, 2010. Thereafter, Kendrick hired a new

attorney, who filed his petition on November 4, 2010.

Kendrick bore the burden of establishing his entitlement to equitable tolling. *See Jurado v.

Burt*, 337 F.3d 638, 642 (6th Cir. 2003). In order to do so, he had to show that extraordinary

circumstances prevented his filing, and that he was diligent in pursuing his case. *Holland*, 130 S.

Ct. at 2562. The Sixth Circuit has applied equitable tolling to habeas corpus petitions since

*McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). However, it may have been reasonable

for Kendrick to remain ignorant on the availability of equitable tolling because attorneys advised him

that it was too late to file a federal habeas corpus petition. *Cf. Griffin v. Rogers*, 399 F.3d 626, 637

(6th Cir. 2005) (ignorance of the law alone does not warrant equitable tolling). But even if the

statutory period is tolled for five years, from June 2005, when his post-conviction appeal was

dismissed, until June 2010, when *Holland* was issued, his petition was still untimely. The statute

of limitations should be equitably tolled until the earliest date on which the petitioner, acting with

reasonable diligence, should have filed his petition. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.

2000). At the conclusion of his state post-conviction proceedings, Kendrick had approximately two

months remaining in the statutory period. But five months elapsed between the decision in *Holland*

and the filing of Kendrick's petition, a delay which the Supreme Court found constituted a lack of

diligence in *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). Kendrick argues that the voluminous

record in his case required his new counsel that amount of time to prepare the petition. In *United

States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005), when the defendant became aware of his

counsel's deception, he promptly filed a pro se petition, thus establishing his entitlement to equitable tolling. Here, in contrast, Kendrick's new retained counsel failed to promptly file a petition raising issues that had previously been formulated during the state court proceedings, and which could have been amended.

On the facts of this case, we conclude that the district court properly found that, while Kendrick was entitled to equitable tolling for some time due to his former counsel's unprofessional conduct, he was not entitled to toll the running of the statute for the length of time at issue in this case. Thus, his petition is still untimely. Accordingly, the district court's dismissal of this petition is affirmed.