NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0536n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 29, 2015
DEBORAH S. HUNT, Clerk

No. 13–4322

DERRYCK HENSON,

    Petitioner-Appellant,

v.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF
OHIO

**BEFORE: BATCHELDER, GIBBONS, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Petitioner-Appellant Derryck Henson filed this

28 U.S.C. § 2254 habeas petition, asserting that his Ohio murder conviction should be reversed

because the State committed a *Brady* violation and because his Confrontation Clause rights were

violated. The district court did not reach the merits of Henson's petition, instead finding it

untimely under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-

year statute of limitations, § 2244(d). In so finding, the district court denied Henson's request

for equitable tolling. Henson was granted a certificate of appealability to challenge the district

court's equitable tolling ruling. We AFFIRM.

**I.**

An Ohio jury convicted Henson of murder, and Henson was sentenced to a minimum of

fifteen years' imprisonment. Henson's conviction became "final" for AEDPA purposes on

March 30, 2010, when the time for filing a petition for certiorari in the Supreme Court in his

direct appeal expired. *Henson v. Warden, Lebanon Corr. Inst.*, 13–4322, Order (6th Cir. Oct. 29, 2014).

On March 16, 2009, while his direct appeal was pending, Henson filed a motion for post-conviction relief in the state trial court. Under the applicable statute in effect at the time, Henson had 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" to file his post-conviction motion. Ohio Rev. Code § 2953.21(A)(2) (2011).[1] According to the state trial court docket, Henson's transcript was filed in the court of appeals (for his direct appeal) on September 15, 2008. However, according to the state appellate court docket, Henson's transcript was filed on September 17, 2008. The appellate court's error in recording the filing date proved costly for Henson; he filed his motion for post-conviction relief on March 16, 2009, timely if the appellate court's docket was correct, but two days late if the trial court's docket was correct.

The trial court addressed the merits of Henson's motion and denied him relief. Henson appealed the decision, and on October 26, 2011, the appellate court affirmed the trial court's order, but on different grounds—the appellate court *sua sponte* determined that Henson's post-conviction motion was untimely and that the time limit for filing such a motion was jurisdictional (and thus non-excusable). The Ohio Supreme Court denied Henson leave to appeal on March 7, 2012.[2]

The state appellate court's decision had two effects: (1) the merits of Henson's motion for post-conviction relief were not addressed by a state appellate court, and (2) the motion was not "properly filed" for purposes of AEDPA and thus the one-year statute of limitations was not

---

[1] Effective March 20, 2015, the time for filing motions was extended to 365 days from the date the transcript is filed in the appellate court.
[2] Henson did not appeal the appellate court's jurisdictional ruling, and instead focused on the substantive claims that the appellate court did not address and that the trial court denied.

tolled for any of the time it otherwise would have been tolled while Henson was pursuing post-conviction relief in state court. *Henson*, 13–4322, Order (6th Cir. Oct. 29, 2014). Accordingly, Henson's § 2254 petition was due on March 30, 2011, one year after the time for seeking certiorari expired, without any tolling.

Henson filed his § 2254 petition in the United States District Court for the Southern District of Ohio on August 9, 2012—over 16 months after the AEDPA statute of limitations expired, over nine months after the state appellate court ruling was filed, and over five months after the Supreme Court of Ohio denied him leave to appeal the state appellate court's timeliness ruling. In his traverse, Henson, who was represented by counsel, argued for equitable tolling, but did not cite relevant federal cases, did not cite the AEDPA statute of limitations, and did not state explicitly that he was seeking to toll the federal statute of limitations, as opposed to the state statute of limitations applicable to post-conviction motions. The magistrate judge construed Henson's argument as a request that the federal court equitably toll Ohio's 180-day statute of limitations: "[T]he delay Henson is asking this Court to excuse is not his delay in filing in this Court, but his two-day delay in filing his petition for post-conviction relief in the [state trial court]." Accordingly, the magistrate judge stated: "This Court is bound by the [state appellate court's] conclusion that the [state trial court] did not have jurisdiction of Henson's late-filed petition for post-conviction relief," and recommended that Henson's petition be dismissed with prejudice.

Henson did not file an objection to the Report, notwithstanding that the end of the Report referenced Federal Rule of Civil Procedure 72(b) and the process for objecting to a Report, stating, among other things, that "[f]ailure to make objections in accordance with [FRCP 72's] procedure may forfeit rights on appeal." The district court adopted the Report, dismissed

Henson's petition with prejudice, and reiterated that: "Proper notice has been given to the parties . . . including notice that the parties would waive further appeal if they failed to file objections to the [Report] in a timely manner." The district court granted Henson a certificate of appealability regarding equitable tolling, but expressly stated that "the question of waiver is more appropriately addressed by the Sixth Circuit on appeal."

## II.

We review *de novo* a district court's legal conclusions in a habeas proceeding. *See Miller v. Collins*, 305 F.3d 491, 493 (6th Cir. 2002). The decision whether to apply equitable tolling to a case where determinative facts are undisputed is also reviewed *de novo*. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006).

Equitable tolling is a doctrine that "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). A petitioner, who bears the burden in this context, is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If extraordinary circumstances are present, the "statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012) (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). "[T]he doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784 (citation omitted).

**III.**

The Warden argues that Henson waived his opportunity to appeal by not objecting to the Report. "Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). This rule, first promulgated in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), is intended to promote "judicial efficiency." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

However, the *Walters* rule is "nonjurisdictional," and we can excuse Henson's waiver "in the interests of justice." *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Poss v. Morris (In re Morris)*, 260 F.3d 654, 664 (6th Cir. 2001). We have identified three general situations where overlooking waiver is appropriate: (1) if the case is "exceptional" and declining to review the issue would "produce a plain miscarriage of justice"; (2) if hearing the issue "would serve an overarching purpose other than simply reaching the correct result in this case"; and (3) if the issue is presented with sufficient clarity such that no factual development would be required and resolving the issue would promote the finality of litigation in the case. *In re Morris*, 260 F.3d at 664. We have "reiterated that the exceptions to the general rule are narrow and intended to promote finality in litigation." *Id.* (citing *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)).

Henson concedes that he waived the opportunity to appeal, but argues that we should excuse his waiver for two reasons: (1) because this case involves "a wholly legal issue [that has been] presented with sufficient clarity;" and (2) because "this case involves unsettled issues of law, and the lack of clarity warrants addressing this appeal on the merits."[3] We disagree.

Henson's first argument is facially plausible only because he chose to only address one aspect of the *Holland* equitable-tolling test; Henson has expressly *not* made, or attempted to make, the diligence showing. Rather, he insists that we should remand his case to the district court for an evidentiary hearing. Had Henson addressed (or attempted to address) the second, fact-based aspect of equitable tolling, he could not plausibly argue that the "wholly legal issue" exception to waiver applies. A party cannot manufacture "a wholly legal issue," and thus make an argument that a clear waiver should be excused, by opting not to address a factually intensive aspect of the case. Further, excusing Henson's waiver would require remanding the case, a result disfavored by this Court. *See, e.g.*, *Barilow*, 6 F.3d at 407 (stating that "[t]he exceptions to [waiver] are narrow" and that the "rationale" for granting an exception to waiver because a pure legal question is presented "is to promote finality in the litigation process."). This argument fails.

Henson's second argument fails for a similar reason—we are unable to address the supposed "unsettled issues of law," where only one aspect of the equitable-tolling test has been briefed by both sides. Moreover, because each equitable-tolling case is necessarily fact specific, it is unlikely that addressing the merits of Henson's claim would "settle" this aspect of the law or resolve future cases. *See, e.g.*, *Holland*, 560 U.S. at 650 (stating that courts adjudicating equitable-tolling cases "exercise judgment in light of prior precedent, but with awareness of the

---

[3] Henson also argues that the district court abused its discretion by denying Henson an evidentiary hearing. As this issue was not included in the certificate of appealability, it is beyond the scope of this appeal. § 2253(c).

fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."); *Robertson*, 624 F.3d at 785 ("Whether equitable tolling is warranted is a fact-intensive inquiry best left to the district courts."). As stated above, we excuse waiver when doing so would "promote finality in litigation," *In re Morris*, 260 F.3d at 664, and Henson's case presents the exact opposite situation: if we were to excuse Henson's waiver, it would necessarily require remanding his case for additional proceedings.

Henson's arguments that we should excuse his waiver thus fail. However, taking just a glimpse at the merits of his appeal, it is clear that Henson is not entitled to relief. To satisfy the first factor of the *Holland* test, a petitioner has the burden of showing that he pursued his claim with "reasonable diligence." *Holland*, 560 U.S. at 653. Here, Henson had reason to know (and appears to concede as much) that on October 26, 2011, the date the state appellate court sitting in post-conviction review issued its ruling, the AEDPA statute of limitations had not been tolled by the filing of his state post-conviction motion. This was over nine months before he filed his § 2254 petition. In the proceedings below, Henson sought an evidentiary hearing for his "predecessor counsel" to explain the two-day delay in filing the state motion for post-conviction relief. We can assume for these purposes that the two-day delay constitutes "extraordinary circumstances." Nevertheless, Henson has made no factual assertions (below or on appeal) to suggest what could have excused the nine-month delay in filing his § 2254 petition. He now seeks an evidentiary hearing to determine whether he was diligent, but supports his request with no suggestion of what he hopes to prove. The evidentiary hearing he seeks, therefore, is a proverbial "fishing expedition," not reasonably calculated to prove any particular fact that may warrant equitable tolling. We grant equitable tolling "sparingly," *Robertson*, 624 F.3d at 784, and there is nothing to suggest, much less show, that this case warrants such treatment.

**IV.**

For the foregoing reasons, we AFFIRM the order of the district court.