NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0222n.06

No. 16-3332

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERON K. HARRIS, | ) | **FILED** |
| | ) | Apr 17, 2017 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| UNITED STATES OF AMERICA, | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

### AMENDED OPINION


BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.    With its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court effected a sea change in the realm of criminal sentencing.  By holding that the so-called "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness, the Court afforded thousands of individuals the opportunity to reduce lengthy prison sentences imposed under that suspect provision.[1]  Prior to the release of the *Johnson* decision, petitioner Teron Harris pleaded guilty in federal district court to a charge of being a felon in possession of a firearm and was sentenced in accordance with the "crime of violence" provisions of the United States Sentencing

---

[1] In relevant part, the residual clause of the ACCA defined a "violent felony" as any crime punishable by imprisonment for more than one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

Guidelines then in effect—provisions that tracked the language of the residual clause of the ACCA.[2] *See* USSG §§ 2K2.1(a)(2) and 4B1.2(a) (2013).[3]

Thus, in the aftermath of *Johnson*, Harris filed a motion under 28 U.S.C. § 2255 seeking the relief available in the post-*Johnson* landscape. However, the district court denied the motion to vacate Harris's 60-month, below-Guidelines-range prison sentence, and Harris appealed that determination to this court. Given the pendency of a case before the Supreme Court that sought to resolve the issue of whether the residual clause of the Guidelines, like the residual clause of the ACCA, was subject to a void-for-vagueness challenge, we held Harris's appeal in abeyance. On March 6, 2017, the Court released its ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. We now revisit the appeal in light of the guidance offered in *Beckles* and affirm the district court's denial of Harris's § 2255 motion, concluding that the petitioner failed to file the motion within the applicable one-year filing period of 28 U.S.C. § 2255(f).

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, Harris pleaded guilty to a charge of possessing a firearm after having previously been convicted on separate occasions in Ohio state courts of burglary in the fourth degree and assault in the fourth degree—offenses that carried punishments of imprisonment for more than one year. The presentence investigation report prepared by the U.S. Probation Office recommended that Harris's base offense level be set at 24, pursuant to the provisions of

---

[2] At the time of Harris's sentencing, the Guidelines defined a "crime of violence"—both for purposes of enhancing firearms sentences under USSG § 2K2.1(a) and for sentencing individuals as career offenders—as including any criminal act that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2); USSG § 2K2.1, comment. (n.1) (2013).

[3] Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted the residual clause contained in USSG § 4B1.2(a)'s definition of a "crime of violence" and replaced it with language that simply enumerates specific offenses that can be considered "crimes of violence."

§ 2K2.1(a)(2) of the United States Sentencing Guidelines, because Harris's unlawful possession of a firearm occurred "subsequent to sustaining at least two felony convictions of . . . a crime of violence . . . ."

Various adjustments to Harris's base offense level, as well as consideration of his prior criminal record, ultimately resulted in an advisory Guidelines sentencing range of 84-105 months' imprisonment. The district court varied downward from that range, however, and imposed a prison sentence of 60 months. Harris chose not to appeal either his conviction or his sentence.

More than a year later, on June 26, 2015, the Supreme Court released its opinion in *Johnson*, declaring the residual clause of the ACCA's definition of a "violent felony" to be unconstitutionally vague. Because the ACCA's residual clause was couched in language identical to that defining a "crime of violence" for purposes of the Guidelines' career-offender provision, USSG § 4B1.1(a), and the crime-of-violence enhancement in USSG § 2K2.1(a), in February 2016 Harris filed a *pro se* motion to vacate, set aside, or correct the sentence previously imposed upon him, pursuant to 28 U.S.C. § 2255. That motion did not identify specific grounds for relief, and the district court appointed counsel for Harris and permitted the filing of an amended motion to vacate sentence. In the amended filing, Harris argued that *Johnson* should be applied retroactively to his case and, as a result, that neither of his two prior state-court convictions could serve as predicates for enhancing the base offense level for his felon-in-possession conviction.

The district court denied the motion, pointing out what the court viewed as a critical distinction between the situations presented in *Johnson* and in Harris's case. As the district court explained, *Johnson* involved an ACCA enhancement that actually increased a statutory-

maximum penalty; although Harris's advisory Guidelines sentencing range also was enhanced, the new range still remained within the range of punishments established by statute. Harris appealed that ruling, arguing once again that the decision in *Johnson* constituted a new, substantive rule of law that should apply retroactively to collateral review of sentences imposed pursuant to the ACCA and to sentences imposed in accordance with the definition of a "crime of violence" found in the Guidelines.

## DISCUSSION

As we noted earlier, Harris did not appeal from the district court's January 15, 2014, entry of judgment that imposed upon him a 60-month prison sentence. That judgment thus became final on January 29, 2014. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). As a result, Harris's February 2016 motion was not filed within one year of the date his judgment of conviction became final, as required by 28 U.S.C. § 2255(f)(1).

However, a § 2255 motion also will be considered timely if it is filed within one year of the date on which any government-created impediment to the filing is removed, 28 U.S.C. § 2255(f)(2), within one year of the date on which the asserted right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3), or within one year of the date on which facts supporting the claim first could have been discovered through the exercise of due diligence, 28 U.S.C. § 2255(f)(4). Before this court, Harris does not contend that the government caused him to delay the filing of his § 2255 motion or that the motion was based on newly discovered facts.

Unfortunately for Harris, neither can he rely on a Supreme Court decision recognizing a new right that has been made applicable to cases like his that are now on collateral review. Indeed, *Beckles* made clear that *Johnson*-like relief is not available to individuals raising void-for-vagueness challenges to sentences imposed pursuant to the residual clause contained in the prior version of USSG § 4B1.2(a). Thus, Harris failed to file his § 2255 motion in a timely manner.

## CONCLUSION

In its decision in *Beckles*, the Supreme Court made clear that the residual clause found in the prior version of USSG § 4B1.2(a) is not subject to void-for-vagueness challenges in the same way as is the residual clause of the ACCA. Consequently, Harris cannot rely on the 2015 ruling in *Johnson* to extend the one-year period for filing his § 2255 motion challenging his 60-month prison sentence. We thus conclude that Harris's § 2255 motion was untimely and AFFIRM the district court's denial of that motion.