**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0134n.06

No. 17-3337

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Mar 19, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| CHRISTOPHER A. BLAIN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:     COLE, Chief Judge; BOGGS and GIBBONS, Circuit Judges.

BOGGS, Circuit Judge.

Defendant Christopher Blain appeals the district court's dismissal of Blain's motion to vacate under 28 U.S.C. § 2255 because the motion was filed outside the statute's one-year limitations period. Blain has appealed, contending that the motion was in fact timely. We disagree and affirm the district court's dismissal.

I

In 2013, a federal grand jury indicted Christopher Blain on three counts: knowingly receiving and possessing with intent to distribute a visual depiction of a minor engaged in sexually explicit conduct, after having been convicted of sexual battery (Count 1); commission of a felony offense involving a minor by an individual required to register as a sex offender (Count 2); and receipt of child pornography (Count 3). In June 2014, Blain entered into a plea agreement in which he agreed to plead guilty to Count 3 in exchange for a dismissal of his other charges. In the plea agreement, Blain agreed that the base offense level for Count 3 was 22 under U.S.S.G.

§ 2G2.2(a)(2) and that "an appropriate sentence for the defendant is a term of imprisonment of 222 months."

Blain signed a statement of facts attached to the plea agreement. In that document, Blain admitted he created an email account to which no one else had access for the purpose of receiving child pornography. He agreed that another individual distributed approximately 825 images of child pornography to that email address. And finally, Blain admitted that "had the government proceeded to a trial by jury, the government would have been able to prove each essential element of the offense beyond a reasonable doubt." At the plea hearing, Blain confirmed that he had "fully discussed" the charges in the indictment and the case in general with his attorney. The court asked Blain whether his attorney had "explained the offenses against the United States that are charged in the indictment" and he responded, "He has, yes[.]"

On December 23, 2014, Judge Dlott sentenced Blain to the agreed term of 222 months. In doing so, she found a total offense level of 35 and a criminal history category of VI, resulting in a guidelines range of imprisonment for 292 to 385 months. However, she departed downward from the bottom of the guidelines by seventy months because of the binding plea agreement.

On December 21, 2015, Blain filed, *pro se*, a "Notice of Intent to File 2255 Motion to Correct Sentence and Request Assistance with Attorney Concerns." In that document, Blain expressed his intent to file a § 2255 motion, noting that he was "currently within the proscribed [sic] timeframe," but that it was "anticipated that a time extension will be needed due to circumstances beyond his control." Blain further claimed that he needed to "obtain certain documentation and records from his attorney" but "counsel of record is ignoring his communications." Blain therefore requested that the court either compel the attorney to provide the desired documents or instruct the defendant on "how to obtain documents such as transcripts,

judgments, motions and other parts of his record that he can use to prepare the arguments for his 2255 motion." The court did not respond to this motion. Blain then, on February 11, 2016, filed a "Request for Discovery" that requested his "discovery file," noting that he had submitted multiple email and postal requests to his trial counsel without response. The docket again reflects no response from the district court on this request.

Nevertheless, on September 15, 2016, Blain filed his § 2255 motion. The motion raised three arguments: (1) counsel was ineffective at sentencing in failing to object to an enhancement based on the number of images; (2) counsel was ineffective in advising Blain regarding his guilty plea in that he did not explain the elements of the offense; and (3) the government failed to prove he knowingly received child pornography, as the images were in unallocated space over which he lacked knowledge and control. Blain claimed that his "notice of intent to file" had been timely, although the § 2255 motion itself was "delayed due to the non responsiveness of the previous attorneys." He further asserted that "the date on which the facts supporting the claims presented could have been discovered through due diligence was April 8, 2016," when Blain's trial counsel finally sent him the "necessary documents."[1]

The case was referred to a magistrate judge, who issued a report and recommendation concluding that the § 2255 motion was barred by the one-year limitations period and should be dismissed. The report and recommendation reasoned that the limitations period began on January 6, 2015, fourteen days after judgment was entered, and that Blain's § 2255 motion was not filed within a year of that date and was therefore untimely. The district court adopted the report and recommendation and dismissed the § 2255 motion. Blain appealed.

---

[1] Blain's brief appears to identify three documents as "necessary": his plea agreement, an "Elements of the Offense" filing made by the government, and the government's forensic examiner's report.

II

28 U.S.C. § 2255(f) establishes a one-year limitations period for motions to vacate under § 2255. The year runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. As the district court recognized, Blain's conviction became final fourteen days after judgment was entered, namely January 6, 2015. *See Sanchez-Castello v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[T]he judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals[.]"); Fed. R. App. P. 4(b)(1)(A) (giving defendant fourteen days from the entry of judgment to appeal). Blain's limitations period under § 2255(f)(1) therefore expired on January 6, 2016. Accordingly, Blain's September 2016 filing occurred after the limitations period had expired under § 2255(f)(1).

To overcome this, Blain seeks relief under § 2255(f)(4), arguing that his September 2016 filing was within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Under this argument, Blain contends that the limitations period did not begin running until Blain received documents from his attorney, namely April 8, 2016, which would make his September 2016 filing timely. There is no evidence, however, that the "facts" supporting Blain's claim were not previously available through the exercise of due diligence. Indeed, all of the facts supporting Blain's claims were known to him at the time of his guilty plea and sentencing. *See, e.g., Webb v. United States*, 679 F. App'x

443 at 449 (6th Cir. 2017) (Cole, J., concurring in part and dissenting in part) (noting that the defendant "possessed the facts supporting [his § 2255] claim, e.g., the drug quantities for which he was convicted, as early as sentencing"). Blain knew what advice he received from counsel regarding the offense, and he knew that counsel had not objected regarding an enhancement for more than 600 images. The requested documents, therefore, did not contain undiscovered "facts" triggering a new limitations period under § 2255(f)(4).

What's more, by Blain's own account, he sought the documents in question to explore the viability of his legal arguments or to bolster the evidence of his claims, not to discover the facts necessary to stating them. Blain has argued that he "wanted to review the documents in his case to see if there were any grounds to raise in a § 2255 motion." He noted that he needed the plea agreement, for example, to review "what rights were waived" and the forensic examination to determine "where the images were found on his computer" and "to prove the lack of descriptive headings" on the emails containing child pornography. § 2255(f)(4), however, is not triggered by the date when a prisoner determines that particular known facts give rise to a potential claim. *Taylor v. United States*, 518 F. App'x 348, 349-50 (6th Cir. 2013) ("discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)") (quoting *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008)); *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) (observing petitioner "confused the facts that make up his claims with evidence that might support his claims"). Accordingly, we hold that § 2255(f)(4) was not satisfied here and that Blain's limitations period in fact expired on January 6, 2016.

Finally, Blain argues that he is entitled to equitable tolling. Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*,

624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Courts grant equitable tolling "sparingly," and a habeas petitioner is entitled to equitable tolling only if he shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Although Blain may have been diligent in his attempts to contact trial counsel and the district court in obtaining what he deemed "necessary documents," upon receipt of that information he waited more than five months to file his § 2255 motion. In these circumstances, Blain cannot be said to have diligently pursued his rights. *See Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). Therefore, Blain is not entitled to equitable tolling for his claim.

Accordingly, we AFFIRM.