NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 8, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1771

| | |
|---|---|
| TIMOTHY EDWARDS, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:19-CV-293-NJR |
| | |
| UNITED STATES OF AMERICA, | Nancy J. Rosenstengel, |
| *Respondent-Appellee.* | *Chief Judge.* |

**O R D E R**

Timothy Edwards appeals the denial of his motion for collateral relief under 28 U.S.C. § 2255, in which he asserted that his trial counsel violated his rights under the Sixth Amendment by failing to file a timely notice of appeal after his criminal conviction. We granted a certificate of appealability on the issues of whether his motion

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

was timely and whether his counsel provided ineffective assistance. Because Edwards's motion was untimely, we affirm.

On the day Edwards's trial was set to begin, he pleaded guilty to three charges: conspiracy to distribute and possess with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 841(a)(l), 846; making a false statement to a federal law enforcement officer, 18 U.S.C. § 1001(a)(2); and maintaining a drug-involved premises, 21 U.S.C. § 856(a)(1). There was no written plea agreement. The terms of the oral agreement included a waiver of Edwards's right to appeal his conviction or sentence (unless "the law changes"). Judge Herndon, who had accepted the oral plea agreement, sentenced Edwards to seven years in prison followed by four years of supervised release and entered judgment on April 10, 2017.

On June 7, 2017, after the 14-day deadline to appeal had passed by well over one month, *see* FED. R. APP. P. 4(b), Edwards moved for an extension of time to file a notice of appeal, alleging that he had been under the "misunderstanding" that his attorneys would timely file his notice of appeal because they knew he was dissatisfied. The district court denied his motion for an extension. Nevertheless, Edwards filed a notice of appeal the next month, but we dismissed the appeal as untimely in December 2017. *See United States v. Edwards*, No. 17-2365 (7th Cir. 2017).

On March 12, 2019, Edwards moved to vacate his conviction and sentence under 28 U.S.C. § 2255. He argued, among other things, that his plea was not knowing and voluntary, and his lawyers' failure to appeal his conviction violated his rights under the Sixth Amendment. In support, Edwards cited *Garza v. Idaho*, 139 S. Ct. 738 (2019), which was decided just two weeks earlier. *Garza* held that, even when a defendant waives his right to appeal, a presumption of prejudice exists if trial counsel fails to follow his client's request to appeal or fails to consult his client about his right to appeal if there is a duty to do so. *See id.* at 747.

Judge Rosenstengel, who was assigned to the case after Judge Herndon's retirement, dismissed the motion as untimely. She concluded first that it was untimely under 28 U.S.C. § 2255(f)(1) because the judgment against Edwards became final when the time for filing his direct appeal expired in April 2017. Thus, his March 2019 motion missed the one-year limitations period by almost a year. *See id.* And *Garza* did not save Edwards from the one-year limitations period, the judge reasoned, because district courts have uniformly held that *Garza* did not announce a newly recognized right and does not apply retroactively to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

Edwards timely appealed, and we granted a certificate of appealability on two questions: "first, whether counsel violated the Sixth Amendment by failing to file a timely direct appeal of the conviction; and, second, whether the request for collateral relief was timely," in particular, when the one-year limitations period begins if "a direct appeal is taken in fact but is untimely."

We appointed counsel for Edwards, then granted his unopposed request to remand the case to the district court for an evidentiary hearing about whether Edwards had, as he claimed, directed his trial counsel to file a notice of appeal. After a two-day hearing, the district judge found that Edwards was not credible and had not asked trial counsel to file a notice of appeal. By contrast, the judge saw "no reason to doubt" the testimony of both trial counsel that Edwards did not ask them to appeal.

Edwards's appellate counsel then withdrew, and "[g]iven the district court's findings," we denied Edwards's request for new appointed counsel, so he proceeds pro se. On appeal, Edwards—who is now on supervised release—generally contests the denial of his § 2255 motion. Although he makes several arguments, we review only those within the scope of the certificate of appealability. *See Hartsfield v. Dorethy*, 949 F.3d 307, 317 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 270 (2020).

We agree with the district judge that Edwards's motion was untimely. Relevant to this appeal, the one-year period for filing a § 2255 motion runs from the later of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *id*. § 2255(f)(3).

The certificate of appealability questioned when a conviction becomes final if the defendant files an untimely notice of appeal, which we have never addressed.[1] But there

---

[1] Finality arises several ways in the habeas context. *See Clay v. United States*, 537 U.S. 522, 527 (2003).  If a defendant does not pursue a direct appeal, a judgment of conviction becomes final when the deadline to appeal the sentence expires, *see Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013), and if a defendant appeals, the conviction is final when the Supreme Court affirms a conviction on the merits, denies a petition for writ of certiorari, or when the deadline for filing a certiorari petition expires, *see Clay*, 537 U.S. at 527. We have not decided when a judgment of conviction becomes final if an appeal is pursued, yet is untimely. *But cf. Sanchez-Castellano v. United States*,

is simply no basis for Edwards delaying the filing of his collateral attack as long as he did. *See* 28 U.S.C. § 2255(f)(1). Edwards's untimely direct appeal (which he says he filed after discovering his attorneys' error) was dismissed on December 11, 2017, and the time to petition for a writ of certiorari expired on March 11, 2018. *See* 28 U.S.C. § 2101(c). Edwards did not file his § 2255 motion until March 12, 2019, after *Garza* was decided. Thus, even if we assumed that an untimely appeal delays finality like a timely appeal does, *see Clay v. United States*, 537 U.S. 522, 527 (2003), Edwards still missed the one-year window to seek collateral relief. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (affirming dismissal of § 2255 motion filed one day late). Only if the decision in *Garza*, 139 S. Ct. 738, announced a new right that would apply to Edwards, could it save Edwards's motion under § 2255(f)(3).

But Edwards does not make that showing. He mentions *Garza* once in his brief: "Petitioner has suffered severe prejudice as presumed in <u>Garza</u> by counsel's failure to file notice of appeal, or in counselors own words never spoke of an appeal, prejudice is presumed." That point goes to the merits of the Sixth Amendment claim, however, which we need not reach if the motion is untimely. But Edwards does not argue that applying *Garza* would affect the timeliness of his motion, and so we do not decide. We note, however, that in order for *Garza* to have any role here, it must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Neither the Supreme Court nor this court has ruled that *Garza* is retroactive. *See Hartsfield*, 949 F.3d at 316 n.6.

    We do not decide whether trial counsel violated Edwards's rights under the Sixth Amendment because the untimely motion prevents us from granting any relief.

                                                                                          AFFIRMED

---

358 F.3d 424, 428 (6th Cir. 2004) (holding untimely appeal has no effect on finality of motion for collateral review).